**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re: AEROBOX COMPOSITE STRUCTURES, LLC,                No. 11-07-10138 MA

Debtor.

**ORDER GRANTING APPLICATION PURSUANT TO SECTIONS 363 and 105
OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY AND
RETAIN COLLINS & CO. LLC AS RESTRUCTURING ADVISOR FOR THE DEBTOR
SUBJECT TO CERTAIN CONDITIONS AND RESTRICTIONS**

THIS MATTER is before the Court on the Application Pursuant to Sections 363 and 105 of the Bankruptcy Code for Authorization to Employ and Retain Collins & Co. LLC as Restructuring Advisor for the Debtor ("Motion to Employ Collins"), filed by the Debtor, Aerobox Composite Structures, LLC, by and through its attorney of record, A. Peter Lubitz. The Motion to Employ Collins seeks authorization to employ Collins & Co. LLC ("Collins Co."), a company formed by Robert Collins, to serve as the Debtor's financial and restructuring advisor under the terms of an Engagement Letter entered into between the Debtor and Collins Co. prior to the filing of the Debtor's bankruptcy petition, a copy of which is attached to the Motion to Employ Collins as Exhibit A. Under the terms of the Engagement Letter, Paragraph 1.a., Robert Collins was appointed as the Debtor's Chief Restructuring Officer ("CRO") to oversee all aspects of the management and operations of the Debtor's business.

The United States Trustee and the Official Committee of Unsecured Creditors (the "Committee") each objected to the Motion to Employ Collins. (*See* Docket # 20 - Objection to Application Pursuant to Sections 363 and 105 of the Bankruptcy Code for Authorization to Employ and Retain Collins & Co., LLC as Restructuring Advisor for the Debtor and Docket # 56 - Omnibus Objection of the Official Committee of Unsecured Creditors to Certain First Day

1

Pleadings) The Court held a final hearing on the Motion to Employ Collins on February 26, 2007 and took the matter under advisement. After consideration of the Motion to Employ Collins and the Objections thereto, and being otherwise sufficiently informed, the Court finds that the Motion to Employ Collins should be approved, with certain modifications.

DISCUSSION

The Committee's primary objection to the Motion to Employ Collins is that Mr. Robert Collins is a "professional" within the meaning of 11 U.S.C. § 327, and that the terms of Mr. Collins' employment under the Motion to Employ Collins do not satisfy the requirements governing employment of professionals on behalf of the bankruptcy estate under 11 U.S.C. § 327. Specifically, the Committee objects to any term in the Motion to Employ Collins and/or the Engagement Letter that permits Mr. Collins and/or Collins Co. to hire or provide additional advisors or professionals. The Committee also asserts that Mr. Collins and/or Collins Co.'s status as a professional under 11 U.S.C. § 327 requires that all fees be subject to prior Court approval, with Collins Co. and Mr. Collins bearing the burden of demonstrating a "benefit to the estate" at the time of an application for approval of fees. Similarly, the United States Trustee's objections are as follows: 1) that Collins Co. is a professional subject to the requirements of 11 U.S.C. § 327; 2) that the proposed monthly fee plus substantial reorganization fee should be subject to notice and a hearing; 3) that Mr. Collins and/or Collins Co. be required to keep time records; 4) that no interest should accrue on unpaid fees until a fee application is approved by the Court; 5) that the Debtor's waiver of any potential conflicts with Collins Co. and/or Mr. Collins contained in the Engagement Letter is contrary to the disinterestedness requirement under 11 U.S.C. § 327; and 6) that in the event Collins Co. and/or Mr. Collins hires the services of an

attorney to protect its interests, such fees should not be paid by the estate because such services would not provide a benefit to the estate and unsecured creditors.

Section 327 of the Bankruptcy Code governs employment of "professionals" hired by the trustee or the debtor-in-possession "to represent or assist the trustee [or debtor-in-possession exercising the powers of the trustee[1]] in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). "Professional" is not specifically defined in the Bankruptcy Code. *See In re American Tissue, Inc.,* 331 B.R. 169, 173 (Bankr.D.Del. 2005) ("The Bankruptcy Code does not specifically define the term 'professional.'"). In considering whether a person hired by the debtor-in-possession constitutes a "professional" within the meaning of 11 U.S.C. § 327, Courts focus generally on whether the person will play a key role in the management or administration of the bankruptcy estate. *See* 3 Collier on Bankruptcy ¶ 327.02[6][a] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006) ("Courts have generally limited the scope of the undefined phrase 'other professional persons' to persons whose occupations play a fundamental or essential role in the administration of the debtor's estate."). *See also American Tissue,* 331 B.R. at 173 (discussing two "different, but overlapping" approaches to determining whether a person is a "professional" within the meaning of § 327: "[s]ome courts limit the definition 'to those occupations that play a central role in the administration' of the bankruptcy proceeding . . . . [while] [o]ther courts define a 'professional' as those who are given 'discretion or autonomy in some part of the administration of the debtor's estate.'") quoting *In re First Merchants Acceptance Corp.,* 1997 WL 873551, at *2 (D.Del. 1997). In other words, a person is considered

---

[1]*See* 11 U.S.C. § 1107 ("a debtor in possession shall have all the rights . . . of a trustee . . .").

3

a "professional" subject to 11 U.S.C. § 327 when that person will participate, either by assisting, or by exercising a degree of discretion and autonomy in carrying out the duties of the debtor-in-possession under the bankruptcy code in administering or managing the bankruptcy estate. *See In re Neidig Corp.,* 117 B.R. 625, 629 (Bankr.D.Colo. 1990) (noting that "perhaps the most common determinative factor [in deciding whether a person is a 'professional'] appears to be the amount of autonomy or discretion the person is given by the debtor or trustee in performing its services.") (citations omitted); *In re Pacific Forest Industries, Inc.,* 95 B.R. 740, 743 (Bankr.C.D.Cal. 1989) ("It is only those who deal with the actual reorganization of the debtor (rather than the ongoing business of the debtor) who are required to be employed under § 327 and whose applications for payment must be approved by the Court.").

As a general proposition, however, officers of a debtor-corporation are not considered "professionals" within the meaning of 11 U.S.C. § 327. *See In re eToys, Inc.,* 331 B.R. 176, 201 (Bankr.D.Del. 2005) (agreeing "with those courts that conclude that an officer is not a professional who needs to be retained by the debtor under section 327(a)."); *In re Midland Capital Corp.,* 82 B.R. 233, 239 n.10 (Bankr.S.D.N.Y. 1988) ("Executive officers are simply not 'professional persons.'"); 3 Collier on Bankruptcy ¶ 327.02[6][c] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006) ("The correct analysis is that executives of a debtor in possession should not be treated as 'professional persons.'"). Nevertheless, compensation of corporate officers is subject to the Court's scrutiny. *See eToys, Inc.,* 331 B.R. at 201 ("[T]he Court does have the power to supervise and deny compensation to officers of a debtor in appropriate circumstances."); *In re Phoenix Steel Corp.,* 110 B.R. 141, 142-143 (Bankr.D.Del. 1989) (officers were not "professional persons" under § 327(a), but compensation of officers of

4

the debtor was subject to court review under § 330); *In re Lyon & Reboli, Inc.,* 24 B.R. 152, 154 (Bankr.E.D.N.Y. 1982) (finding that court had power to review the salaries of officers of the debtor under § 105). *But compare, In re Zerodec Mega Corp.,* 39 B.R. 932, 934-35 (Bankr.E.D.Pa. 1984) (finding that employment of the debtor's officers is subject to § 327(a), except for the disinterestedness requirement).

Based on the evidence before the Court, the Court finds that Mr. Collins is the *de facto* chief operating officer of the Debtor. As an officer of the Debtor, the Court finds that he is not a "professional" within the meaning of 11 U.S.C. § 327. He was hired by the Debtor pre-petition and would have been hired to serve as its president but for restrictions on his ability to obtain a work visa to work in this country. Under these circumstances, where Mr. Collins will supervise and take part in the day to day business activities of the Debtor, the Court finds that the employment of Collins Co. and Mr. Collins is not subject to 11 U.S.C. § 327. However, the compensation proposed by the Motion to Employ Collins is subject to the Court's review. *Cf. Phoenix Steel Corp.,* 110 B.R. at 142-43 (compensation of officers of the debtor corporation that were hired prepetition as workout specialists was subject to court's review for reasonableness, even though the court determined they were not "professionals" under § 327(a)).

Upon review of the Motion to Employ Collins and the Engagement Letter attached thereto, the Court finds that the approval of the Motion to Employ Collins is subject to the following:

    1. Collins Co. and/or Mr. Collins may not hire additional officers to assist the CRO as contemplated by paragraph 1.b., subsections I) through xii) of the Engagement Letter.

    2. Any expansion of services of Collins Co. and/or Mr. Collins and any

5

corresponding increase in fees contemplated by paragraph 1.d. of the Engagement Letter is subject to prior Court approval.

3. All references to "additional officers" contained in paragraph 1.e of the Engagement Letter shall be stricken.

4. The Reorganization Fee contained in paragraph 2.c., and as set forth in paragraphs 3. Through 14. [sic.] of the Engagement Letter, and as described in paragraph 20, p. 8 of the Motion to Employ Collins shall be payable only based upon total distributions to *unsecured* creditors and/or shareholders, and only after the approval of such fees by the Court after notice and a hearing.

5. Collins Co. and/or Mr. Collins shall not be authorized to retain independent legal counsel, or incur fees and expenses from such independent legal counsel to be paid by the Debtor as contemplated by paragraph 30. of the Engagement Letter.

6. The Expenses described in paragraph 2.d. of the Engagement Letter regarding out of pocket expenses for accommodation, communications, travel, meals, and airfare, shall not apply to daily living expenses of Collins Co. and/or Mr. Collins, but shall only apply to travel away from Debtor's premises in Albuquerque on the Debtor's business.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Employ Collins is GRANTED, subject to the restrictions contained in this Order.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Peter Lubitz                                Office of the United States Trustee
Attorney for Debtor.                        PO Box 608
Schiff Hardin LLP                           Albuquerque, NM 87103
623 5th Ave
New York, NY 10022

Mark Freedlander
Micahael Roeschenthaler
Attorneys for Official Committee of Unsecured Creditors
McGuire Woods LLP
625 Liberty Ave Fl 23
Pittsburgh, PA 15222

7