UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   AEROBOX COMPOSITE STRUCTURES, LLC,          No. 11-07-10138 MA
         f/k/a Aerospace Composite Structures, LLC,

Debtor.

**ORDER DENYING MOTION PURSUANT TO BANKRUPTCY RULE 9014(c)
TO APPLY BANKRUPTCY RULE 7068 IN CONTESTED MATTERS COMMENCED
BY DEBTOR'S ANSWER AND OBJECTIONS TO MOTION BY JADA HOLLINGER
FOR ORDER ALLOWING LATE FILING OF CLAIMS AND LATE-FILED
PROOFS OF CLAIM**

THIS MATTER is before the Court on the Motion Pursuant to Bankruptcy Rule 9014(c) to Apply Bankruptcy Rule 7068 in Contested Matters Commenced by Debtor's Answer and Objections to Motion by Jada Hollinger for Order Allowing Late Filing of Claims and Late-Filed Proofs of Claim ("Motion to Apply Rule 7068) filed by the Debtor, Aerobox Composite Structures, LLC f/k/a Aerospace Composite Structures, LLC ("Aerobox"), by and through its attorney of record, Peter Lubitz. The Court held a final hearing on the Motion to Apply Rule 7068 and took the matter under advisement.

After considering the arguments of counsel and being otherwise sufficiently informed, the Court finds that the application of Rule 7068, Fed.R.Bankr.P. to this claims objection process will not best serve Rule 7068's intended purposes. Thus, the Court, in its discretion, declines to direct that Rule 7068, Fed.R.Bankr.P. apply to this contested matter.

DISCUSSION

Rule 9014(c), Fed.R.Bankr.P. provides that several of the rules found in Part VII of the Rules, applicable to adversary proceedings, also apply to contested matters. *See* Rule 9014(c), Fed.R.Bankr.P. Rule 9014(c) further provides that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Rule 9014(c),

Fed.R.Bankr.P. Aerobox requests the Court, pursuant to Rule 9014(c), Fed.R.Bankr.P. to direct that Rule 7068, Fed.R.Civ.P.[1] apply to the following contested matters now pending before the Court: 1) Motion to Allow Late-Filed Proof of Claim by Jada Hollinger (Docket #249); and 2) Motion for Allowance of Administrative Claim by Jada Hollinger (Docket # 247). The decision to direct the application to a contested matter of a Rule from Part VII of the Rules that is not enumerated under Rule 9014(c) lies within the discretion of the bankruptcy court.[2] In these contested matters, the issues are whether Ms. Hollinger will be allowed to file a late-filed claim, and whether she is entitled to a claim for administrative expense. The amount of her claim has already been liquidated by the Human Rights Commission of the State of New Mexico. Under these limited circumstances, where Rule 7068 ordinarily would not apply, where the issues are primarily questions of law, and where the amount of the creditor's claim is

---

[1] Rule 7068, Fed.R.Bankr.P., provides that Rule 68, Fed.R.Civ.P. applies in adversary proceedings. Rule 68, Fed.R.Civ.P. provides:

    a) **Making an Offer; Judgment on an Accepted Offer.** More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
    (b) **Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
    (c) **Offer After Liability Is Determined.** When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time--but at least 10 days--before a hearing to determine the extent of liability.
    (d) **Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Rule 68, Fed.R.Civ.P.

[2] *See In re Computer Learning Centers, Inc.* 344 B.R. 79, 86 (Bankr.E.D.Va.2006)(the court exercises its discretion in determining whether to make Rule 7023 applicable as permitted under Rule 9014(c))(citing *In re American Reserve Corp.,* 840 F.2d 487, 494 (7th Cir. 1988)(finding that "the bankruptcy judge did not recognize that he has discretion under Rule 9014 not to apply Rule 7023 -- and therefore not to apply Rule 23-- in this 'contested matter.'"));

2

liquidated, the Court declines to exercise its discretion under Rule 9014(c) in directing the application of Rule 7068 to Ms. Hollinger's pending motions.[3]

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Apply Rule 7068 is DENIED.

/s/ Mark B. McFeeley
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: August 29, 2008

COPY TO:

Peter Lubitz
Attorney for Debtor
LeClairRyan
830 Third Avenue
New York, NY 10022

William F. Davis
Attorney for Jada Hollinger
6709 Academy NE, Suite A
Albuquerque, NM 87109

---

[3] The primary purpose of Rule 68, Fed.R.Civ.P. is to promote settlement and compromise and avoid litigation, but its "principal significance is when a judgment against the offering party in *some* amount is likely but the amount of the judgment is uncertain." 10 Collier on Bankruptcy ¶ 7068.02 (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2008).